March 7, 2006

23235 SE 267th Lane
Maple Valley, WA 98038

Judge Samuel Steiner
US Bankruptcy Court
US Federal Courthouse
700 Stewart Street, Room 6310
Seattle, WA 98101

RE: Stephen H Fishburn and Lisa K Fishburn, Case # 04-23129 SJS

The Honorable Judge Steiner,

Over the last year, Crocker Kuno filed various motions in this case related to our mortgage account with Ameriquest Mortgage. As I understand it from speaking to Ms. Lynn Ellis today, some of these motions were to vacate the discharge of the Ameriquest mortgage debt, some were to reaffirm the debt, and some were to continue various hearings that were scheduled while we were in Tokyo, Japan on business for Microsoft over the last 13 months.

First, Crocker Kuno and none of their attorneys represent us in this case any longer. They are no longer authorized to speak to the Court or to file motions on our behalf and have not been since February 2005.

Second, since Crocker Kuno was not representing us in this case since February 2005, they should not have filed any of these motions over the last 13 months. That they have has caused innumerable problems. In short, a bankruptcy discharge has to age at least two years from the discharge date for an individual to qualify for a conforming mortgage with Fannie Mae or Freddie Mac. When Crocker Kuno filed these improper motions with the Court, each day the case was open over the last 13 months the future date on which we could qualify for a conforming mortgage was delayed. Since the case and our debt with Ameriquest was discharged in February 2005, Crocker Kuno's actions have caused us an undue and unnecessary hardship.

To be sure, it was our desire to have the mortgage reaffirmed during the bankruptcy process leading up to February 2005. Our lawyer at Crocker Kuno advised us in December 2004 that mortgages are "automatically reaffirmed." I believed that reaffirmation in this context meant the same thing as what we were doing with our two automobile loans at Ford Credit. Unfortunately, it did not mean the same thing. Only after the discharge did I learn from Ameriquest that the mortgage had been discharged along with everything else except for Ford Credit. I was shocked and later that day spoke to a partner at Crocker Kuno. The partner advised me the associate attorney who had handled the case had misadvised me in December 2004. Following that conversation, Crocker Kuno improperly took the actions described above.

I am petitioning the Court to dismiss all motions filed after the original discharge for mootness. Further, I am asking the Court to restore the discharge to the original discharge date in February 2005 with respect to Ameriquest Mortgage and all other creditors in this case. Finally, I am petitioning the Court to immediately close this case upon making a decision in response to this letter.

Please notify me at the above address when you make a decision on this matter.

Respectfully,

Stephen Fishburn